UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANTHONY OLIPHANT
                                        PRISONER
   v.                      CASE NO. 3:08V1728(WWE)

WARDEN JEFFREY MCGILL, ET AL.

### RULING ON PENDING MOTIONS

On March 31, 2009, the court denied petitioner's motion for an evidentiary hearing and ordered the petitioner to show cause why the petition for writ of habeas corpus should not be dismissed as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner seeks reconsideration of the order to show cause and asks that I recuse myself from the case.

The standard for granting a motion for reconsideration is strict. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

Petitioner contends that the court erroneously stated that the petition for writ of habeas corpus was filed on November 10, 2008, instead of on November 14, 2008, the date it was received by the court. Petitioner signed the petition on November 10, 2008. The Second Circuit has held that a *pro se* prisoner's

petition for writ of habeas corpus is considered filed as of the date the prisoner gives the petition to prison officials to be forwarded to the court.  *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir.) (extending prisoner mailbox rule to pro se habeas corpus petitions) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)), *cert. denied*, 534 U.S. 886 (2001).  The court assumed that petitioner handed his petition to prison officials for mailing to the court on the date he signed the petition, November 10, 2008.  Thus, that is the date the court considers the petition to have been filed with the court.

Petitioner also contends that the court erred in failing to consider a prior federal habeas petition that he filed, *Oliphant v. Dep't of Corrections, et al.*, Case No. 3:04cv470 (CFD), and the appeal of the dismissal of that petition, in concluding that the present petition appeared to be time-barred. The United States Supreme Court has held that the limitations period is not tolled by the filing of a federal habeas petition. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)(pending federal habeas petition does not toll statute of limitations under 28 U.S. § 2244(d)(2)).  Accordingly, the filing and outcome of petitioner's prior federal habeas petition does not constitute a "controlling decision[] or data that the court overlooked" in issuing the order to show cause.  *Schrader*, 70 F.3d at 257.

Finally, petitioner asserts that I should recuse myself from this matter due to past rulings denying him relief in three civil rights actions filed by him in 1995. A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test employed to determine whether recusal is required is an objective one. *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988), *cert. denied*, 490 U.S. 1102 (1989). The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." *Id.*

Petitioner seeks recusal because I presided over three other civil cases that he filed in 1995 and issued unfavorable rulings in those cases. Neither petitioner's dissatisfaction with the court's rulings in other cases, nor his claimed errors in the court's order directing him to show cause why the petition is not time-barred, is sufficient to support the recusal of the undersigned in this case. Because petitioner has not identified

3

any factors that show a "deep-seated favoritism or antagonism" to support his claim that the undersigned is not impartial in this case, the petitioner's request for recusal is denied.

Petitioner seeks the appointment of counsel in this matter.  Appointment of counsel in *habeas corpus* cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts; 18 U.S.C. § 3006A(a)(2)(B).  In view of the fact that the petition may be barred by the statute of limitations, the court concludes that justice does not require the appointment of counsel or that a hearing is likely to be necessary.  Accordingly, the motion for appointment of counsel is denied without prejudice.

Petitioner seeks an extension of time to respond to the court's order directing him to show cause why the petition is not barred by the statute of limitations.  The Motion is granted. Petitioner shall file his response on or before March 1, 2010.

### Conclusion

Petitioner's Motion for Reconsideration and Recusal [**doc. # 5**] is **GRANTED** to the extent is seeks reconsideration and **DENIED** to the extent it seeks recusal.  After careful reconsideration, the court **AFFIRMS** its Ruling and Order [**doc. # 3**] denying the motion for evidentiary hearing and directing petitioner to show

4

cause why the petition is not barred by the statute of limitations.  The Motion for Appointment of Counsel [**doc. # 7**] is **DENIED.**  Petitioner may renew the motion if an evidentiary hearing is scheduled in this matter.  The Motion for Extension of Time [**doc. # 6**] to file a response to the court's Order directing petitioner to show cause why the petition is not barred by the statute of limitations is **GRANTED.  Petitioner shall file his response on or before March 1, 2010.**

     SO ORDERED this 12th day of February, 2010, at Bridgeport, Connecticut.

                                       /s/
                              Holly B. Fitzsimmons
                              United States District Judge