UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANTHONY OLIPHANT
               PRISONER
 v.          CASE NO. 3:08V1728(WWE)

WARDEN JEFFREY MCGILL, ET AL.

## RULING ON PENDING MOTIONS

 On March 31, 2009, the court denied petitioner's motion for an evidentiary hearing and ordered petitioner to show cause why the petition for writ of habeas corpus should not be dismissed as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). In response, petitioner moved for reconsideration of that order, for an extension of time to respond to the order and for appointment of counsel. The court has ruled on those motions. Petitioner is to file a response to the court's order on or before March 1, 2010. Accordingly, petitioner's motions for relief from delayed processing and for relief from wrongful suspension of the habeas process will be denied.

 Petitioner also seeks release from state custody pending a decision in this action. A federal court "has inherent power to enter an order affecting custody of a habeas petitioner who is properly before it contesting the legality of his custody." *Ostrer v. United States*, 584 F.2d 594, 596 n. 1 (2d Cir. 1978). This power, however, is limited and should only "be exercised in special cases." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). The petitioner has a difficult standard to meet to be eligible

for release on bail pending a habeas decision.  See *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1998) ("petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective.") (internal quotation marks and citation omitted); *Rado v. Meachum*, 699 F. Supp. 25, 26-27 (D. Conn. 1988) (relevant factors are whether (1) "substantial claims" are set forth in the petition; (2) there is a "demonstrated likelihood the petition will prevail"; and (3) there are "extraordinary circumstances" attending the petitioner's situation which would "require" the grant in order to make the writ of habeas corpus "effective," presumably if granted).

Petitioner has failed to meet this difficult standard.  He offers no argument on the merits of his petition and alleges no facts to demonstrate that his situation presents extraordinary circumstances.  The motion for release from custody will be denied.

## Conclusion

The Motions for Relief from Delinquent Processing, for Relief from Wrongful Suspension of Habeas Process and for Release from Custody [**docs. ## 4, 8, 9**] are **DENIED**.

SO ORDERED this __23d____ day of February, 2010, at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge