UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANTHONY OLIPHANT
                                              PRISONER
   v.                           CASE NO. 3:08CV1728(WWE)

WARDEN JEFFREY MCGILL, ET AL.

## **RULING ON PENDING MOTIONS**

On March 31, 2009, Magistrate Judge Fitzsimmons denied petitioner's motion for an evidentiary hearing and ordered the petitioner to show cause why the petition for writ of habeas corpus should not be dismissed as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner then sought reconsideration of that ruling and order and requested that Magistrate Judge Fitzsimmons recuse herself from this case. On February 16, 2010, Magistrate Judge Fitzsimmons granted the motion for reconsideration to the extent that it sought reconsideration, denied the motion to the extent that it sought recusal and affirmed the ruling and order denying the motion for evidentiary hearing.

Petitioner has filed an objection to the February 16, 2010 Ruling granting the motion for reconsideration and a motion to supplement his memorandum in support of his objection. Also pending before the court is petitioner's motion for evidentiary hearing and appointment of counsel and motion for reconsideration of the court's February 23, 2010 Ruling denying his motions for

release from custody and for relief from delinquent processing and wrongful suspension of habeas process.

## I.   Motion to Supplement Memorandum [Doc. No. 16]

Petitioner seeks to supplement his memorandum in support of his objection to Magistrate Judge Fitzsimmons' ruling. The motion to supplement the memorandum will be granted. The court will consider the supplemental information in addressing petitioner's objection.

## II.   Objection to Magistrate Judge Fitzsimmons Ruling [Doc. No. 14]

Petitioner objects to the Magistrate Judge's February 16, 2010 Ruling to the extent that it denied his request that Magistrate Judge Fitzsimmons recuse herself from this case. In petitioner's supplemental response in support of his objection, he also objects to the Magistrate Judge's order directing him to show cause why his habeas corpus should not be dismissed as barred by the statute of limitations. A district judge may reconsider a pretrial order issued by a magistrate judge where the party shows that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Plaintiff states that the Magistrate Judge's February 16, 2010 Ruling on Pending Motions was erroneous, but he fails to indicate how it was erroneous. Petitioner simply re-states his claim that the Magistrate Judge should recuse herself because she

2

ruled on motions in three civil rights cases filed by him in this court in 1995. After careful review of the Magistrate Judge's ruling, the court concludes that it was not clearly erroneous or contrary to law. Petitioner had not identified any factors showing the Magistrate Judge's deep-seated favoritism, antagonism or lack of impartiality to support his request for recusal.

Petitioner also objects to the ruling to the extent that it directed him to show cause why the petition should not be dismissed as time-barred. Petitioner claims that he is entitled to equitable tolling of the statute of limitations. This argument is not an objection to the Magistrate Judge's order. Rather, it is a response to the order to show cause as to why the petition should not be
dismissed as barred by the one-year statute of limitations. Petitioner has not shown that the order to show cause was clearly erroneous or contrary to law. Accordingly, petitioner's objections to the Magistrate Judge's February 16, 2010 Ruling on Pending Motions are overruled in all respects.

**III. Motion for Reconsideration [Doc. No. 15]**

Petitioner seeks reconsideration of the court's February 23, 2010 Ruling denying his motions for release from custody and for relief from delinquent processing and wrongful suspension of habeas process. The standard for granting a motion for reconsideration is strict. *See Schrader v. CSX Transp., Inc.*, 70

3

F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

Petitioner states that he seeks reconsideration of the ruling to correct and cure all defects cited in the court's ruling. Petitioner fails to point out any facts or controlling decisions that the court overlooked in ruling on the motions for release from custody and for relief from delinquent processing and wrongful suspension of habeas process.

Accordingly, the motion for reconsideration will be granted. However, after careful reconsideration, the court will adhere to its ruling denying petitioner's motions for release from custody and for relief from delinquent processing and wrongful suspension of habeas process.

**IV. Motion for Evidentiary Hearing and Appointment of Counsel [Doc. No. 17]**

Petitioner seeks an evidentiary hearing and appointment of counsel because he claims to have "satisfied the required showing of actual innocence." Mot. Evidentiary Hr'g at 1. Petitioner has failed to include any support for this statement.

Appointment of counsel in habeas corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary

4

hearing is necessary.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts; 18 U.S.C. § 3006A(a)(2)(B).  A review of the petition for writ of habeas corpus reveals that it may be barred by the statute of limitations or, in the alternative, may be premature because petitioner has failed to exhaust state court remedies as to the claims in the petition.  At this point in the proceedings, the court concludes that a hearing will not be necessary and justice does not require the appointment of counsel.  Petitioner may renew the motion if an evidentiary hearing is held in this matter.

**V.    Response to Order to Show Cause**

As indicated above, on March 31, 2009, the court issued an order directing petitioner to show cause as to why the petition for writ of habeas corpus was not barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  The court construes the equitable tolling argument set forth in petitioner's supplemental memorandum in support of his objection to the Magistrate Judge's ruling as petitioner's response to the order to show cause.

Petitioner filed his first state habeas petition challenging his June/September 1995 conviction and sentence in July 1998.  On March 9, 2001, after an evidentiary hearing, a Superior Court Judge issued a Memorandum of Decision denying the

5

petition for writ of habeas corpus.  *See Oliphant v. Warden*, 2001 WL 283457 (Conn. Super. Ct. 2001).  On December 23, 2003, the Connecticut Appellate Court affirmed the decision of the trial court.  *See Oliphant v. Commissioner of Correction*, 80 Conn. App. 613, 618 (2003).  On March 12, 2004, the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court.  *See Oliphant v. Commissioner of Correction*, 268 Conn. 907 (2004).

In November 2003, the petitioner filed a second state habeas petition challenging the June/September 1995 conviction and sentence.  On November 7, 2005, the court entered judgment dismissing the second state habeas petition due to petitioner's failure to prosecute the action.  Petitioner did not appeal the dismissal of the petition.

In response to the court's order to show cause, petitioner contends that he filed a third state habeas petition on January 26, 2007, challenging his June/September 1995 conviction and sentence.[1]  That petition remains pending.

Although the limitations period may be tolled for the period during which a properly filed state habeas petition is pending, *see* 28 U.S.C. § 2244(d)(2), more than a year passed between the final disposition of the second state habeas petition

---

[1] Although petitioner contends that he filed the petition on January 26, 2007, the Connecticut Superior Court docket sheet reflects that the petition was filed on February 27, 2007.

on November 17, 2005[2], and the filing of the third state habeas petition, at the earliest on January 26, 2007. Petitioner contends that he is entitled to equitable tolling of the statute of limitations because he was arrested on October 10, 2006 by Hamden Police Officers and subsequently held in isolation at Garner and Northern Correctional Institutions. The court concludes that a response to this equitable tolling argument is necessary.

Accordingly, the Clerk is directed to mail a copy of this ruling and a copy of the petition for writ of habeas corpus and attached appendices to respondents' representative, Michael E. O'Hare, Supervisory Assistant State's Attorney, Office of the Chief State's Attorney, 300 Corporate Place, Rocky Hill, Connecticut 06067. Respondent shall file a response the petition on or before **November 30, 2010,** addressing whether the petition should be dismissed as barred by the statute of limitations and, if the petition is not barred by the statute of limitations, whether the claims in the petition are exhausted.

## Conclusion

Petitioner's Motion to Supplement Memorandum [**Doc. No. 16**]

---

[2] Pursuant to Conn. Gen. Stat. § 52-470(b), petitioner had ten days to file a petition for certification to appeal the decision denying the habeas petition. Thus, the court considers the second state habeas petition to have become final on November 17, 2005, at the expiration of the ten day period.

7

is **GRANTED**. Petitioner's Objection [**Doc. No. 14**] to Magistrate Judge Fitzsimmons' February 16, 2010 Ruling on Pending Motions [**Doc. No. 10**] is **OVERRULED**.

Petitioner's Motion for Reconsideration [**Doc. No. 15**] of the court's February 23, 2010 Ruling on Pending Motions is **GRANTED**. However, after careful reconsideration, the court **ADHERES** its February 23, 2010 Ruling [**Doc. No. 11**] denying his motions for release from custody and for relief from delinquent processing and wrongful suspension of habeas process.

The Motion for Evidentiary Hearing and Appointment of Counsel [**Doc. No. 17**] is **DENIED** without prejudice to renew the motion if an evidentiary hearing is required.

The Clerk is directed to mail a copy of this ruling and a copy of the petition for writ of habeas corpus and attached appendices [**Docs Nos. 1 and 1-1 through 1-3**] to respondents' representative, Michael E. O'Hare, Supervisory Assistant State's Attorney, Office of the Chief State's Attorney, 300 Corporate Place, Rocky Hill, Connecticut 06067.

Respondents shall file a response to the petition on or before **November 30, 2010,** addressing whether the petition should

be dismissed as barred by the statute of limitations and, if the petition is not barred by the statute of limitations, whether the claims in the petition are exhausted.

SO ORDERED this __30th____ day of September 2010, at Bridgeport, Connecticut.

```
               _____/s/_____
               Warren W. Eginton
               Senior United States District Judge
```