UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
ANTHONY OLIPHANT              :
                              :              PRISONER
        v.                    :     Case No. 3:08Cv1728(WWE)
                              :
WARDEN JEFFREY MCGILL, ET AL. :
```

**RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Anthony Oliphant, currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, commenced this action for writ of habeas corpus pro se pursuant to 28 U.S.C. § 2254. He challenges his 1995 state court conviction for larceny. The respondents have moved to dismiss on the ground that the petition is untimely and equitable tolling is not warranted. For the reasons that follow, the motion will be granted.

**I.   Procedural Background**

In June 1995, a jury in the Connecticut Superior Court for the Judicial District of New Haven at Meriden, Connecticut, convicted the petitioner of larceny in the first degree by defrauding a public community in violation of Conn. Gen. Stat. § 53a-122(a)(4). On September 1, 1995, the court sentenced the petitioner to fifteen years of imprisonment execution suspended after seven years and five years probation. (See Pet. Writ Habeas Corpus at 2.) On appeal, the petitioner asserted three arguments:

> [T]he trial court improperly (1) failed to
> conduct an adequate canvass of the defendant
> prior to accepting his waiver of the right to
> counsel, (2) denied the defendant the
> effective assistance of standby counsel, and
> (3) concluded that the evidence presented at
> trial was sufficient to prove the defendant's
> guilt beyond a reasonable doubt.

State v. Oliphant, 47 Conn. App. 271, 272 702 A. 2d 1206, 1208 (1997). On December 9, 1997, the Connecticut Appellate Court affirmed the judgment of conviction. See id. at 284, 702 A. 2d at 1213. The petitioner raised one ground in his petition for certification to the Connecticut Supreme Court:

> Did the trial court fail to find that the
> defendant waived his right to counsel
> knowingly and intelligently where its canvass of the
> defendant unarguably fell far short of the requirements
> of Practice Book section 961 and where the court
> deprived the defendant of the right to make a
> meaningful objection to its finding because it did
> not articulate its basis for its finding until after
> the trial had concluded?

On March 5, 1998, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court. See State v. Oliphant, 24 Conn. 904, 714 A.2d 3 (1998).

On July 17, 1997, the petitioner filed a petition for writ of habeas corpus in this court challenging his conviction. On November 6, 1997, the court denied the petition without prejudice for failure to exhaust state court remedies. See Oliphant v. Warden Brooks, Case no. 3:97cv1434 (PCD), slip. op. (D. Conn. Nov. 6, 1997).

On July 8, 1998, the petitioner filed a habeas petition in state court challenging his June 1995 conviction. He raised three claims in his amended petition for writ of habeas corpus. He argued that standby counsel failed to give him appropriate legal assistance, he was forced to wear shackles and handcuffs during jury selection, and he was deprived of his right to counsel at trial. On March 9, 2001, after an evidentiary hearing, a Superior Court Judge issued a Memorandum of Decision dismissing the petition for writ of habeas corpus. See Oliphant v. Warden, CV-98-0414837-S, 2001 WL 283457 (Conn. Super. Ct. March 9, 2001). On appeal to the Connecticut Appellate Court, the petitioner raised three claims:

> [T]he court improperly concluded that he
> failed to meet his burden of proof on his
> claims that (1) it was an abuse of discretion
> for the trial court to require that he wear
> shackles during voir dire, (2) it was an
> abuse of discretion for the trial court to
> order him to appear at trial wearing a prison
> uniform and (3) it was a violation of his
> constitutional right of access to the court
> to deny him the use of the law library in the
> correctional facility in which he was housed
> during the preparation for his trial.

Oliphant v. Commissioner of Correction, 80 Conn. App. 613, 614, 836 A.2d 471, 472 (2003). On December 23, 2003, the Connecticut Appellate Court affirmed the decision of the trial court. See id. at 618, 836 A.2d at 475. In his petition for certification to the Connecticut Supreme Court, the petitioner argued that the Connecticut Appellate Court improperly affirmed the trial court's

3

dismissal of his habeas petition on the grounds of ineffective assistance of counsel and actual innocence. On March 12, 2004, the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court. See Oliphant v. Commissioner of Correction, 268 Conn. 907, 845 A.2d 412 (2004).

On September 12, 2001, the petitioner filed a second petition for writ of habeas corpus in this court challenging his 1995 conviction. On April 29, 2002, the court dismissed the petition without prejudice for failure to exhaust state court remedies. See Oliphant v. Myers, et al., Case no. 3:01cv1752 (JCH), slip op. (D. Conn. Apr. 29, 2002).

On August 30, 2002, the Department of Correction released the petitioner and he began to serve his period of probation. See State v. Oliphant, 115 Conn. App. 542, 544-45, 973 A.2d 147, 150 (2009). In November 2003, while the petitioner was on probation, he filed a second state habeas petition challenging the 1995 larceny conviction, Oliphant v. Warden, TSR-CV-03-0004288-S.

On November 7, 2005, the court entered judgment dismissing the second state habeas petition due to petitioner's failure to prosecute the action. The petitioner did not appeal the dismissal of the second petition.

On March 19, 2004, the petitioner filed a third petition for writ of habeas corpus in this court challenging his September 1995 conviction. On August 18, 2006, the court granted the

4

respondents' motion to dismiss and dismissed the petition without prejudice for failure to exhaust state court remedies. See Oliphant v. Dep't of Corrections, et al., Case no. 3:04cv470 (CFD), slip op. (D. Conn. Aug. 18, 2006).

On October 6, 2006, while he was on probation, Hamden Police Officers arrested the petitioner on assault charges. See Oliphant, 115 Conn. App. at 544-47, 973 A.2d at 150-51. In October 2007, after conducting an evidentiary hearing, a state court judge found the petitioner had violated his probation, revoked his probation and sentenced the petitioner to six and one-half years of imprisonment. On July 7, 2009, the Connecticut Appellate Court affirmed the judgment of conviction. See Oliphant, 115 Conn. App. at 555, 973 A.2d at 156. The Connecticut Supreme Court denied certification to appeal the decision of the Appellate Court on September 9, 2009. See State v. Oliphant, 293 Conn. 912, 978 A.2d 1113 (2009).

On February 27, 2007, the petitioner filed a third state habeas action, Oliphant v. Warden, State Prison, TSR-CV07-4001597-S. That petition is still pending in state court.

The petitioner filed the present petition on November 10, 2008, the date he signed the petition and presumably gave it to prison officials for filing. He challenges his 1995 larceny conviction. He does not challenge his conviction for a violation of probation.

## II. Standard of Review

Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. See 28 U.S.C. § 2244(d)(1). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

The doctrine of equitable tolling applies in section 2254 cases. See Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir.), cert. denied sub nom. Diaz v. Conway, 129 S. Ct. 168 (2008). The threshold for petitioner to establish equitable tolling is very high. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), cert. denied, 531 U.S. 840 (2000).

The standard for determining whether a petitioner diligently pursued his rights is reasonable diligence. The court must

determine whether the petitioner has shown that he "act[ed] as diligently as reasonably could have been expected *under the circumstances*" throughout the entire time period he seeks to have the court equitably toll. Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).

When considering the extraordinary circumstances, the court considers "how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA's limitations period." Diaz, 515 F.3d at 154. The inquiries into extraordinary circumstances and reasonable diligence are related. The petitioner must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). A petitioner cannot establish the required causal relationship if, "acting with reasonable diligence," he could have timely filed his petition notwithstanding the extraordinary circumstances." Id.

**III. Discussion**

The petitioner's conviction became final on June 3, 1998, at the expiration of the ninety-day time period during which a petition for writ of certiorari could have been filed with the United States Supreme Court. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.) (the limitations period specified in 28 U.S.C. § 2244(d)(1)(A) commences at the completion of certiorari proceedings in the United States Supreme Court or at the

7

conclusion of the time within which a petition for certiorari could have been filed), cert. denied, 534 U.S. 924 (2001). The limitations period began to run on June 4, 1998, and was tolled thirty-four days later, when the petitioner filed his first state habeas petition. The limitations period remained tolled throughout the pendency of his first state habeas petition and his second state habeas petition, which the petitioner filed on November 25, 2003.

A Superior Court Judge dismissed the second state habeas petition on November 7, 2005. The petitioner did not file a petition for certification to appeal the dismissal of the habeas petition or otherwise appeal the dismissal. See Connecticut General Statutes § 52-470(b) (petitioner seeking to appeal the decision of the trial court in a habeas matter must first file a petition for certification to appeal the decision with the trial judge within ten days of the decision dismissing or denying the petition for writ of habeas corpus). Thus, the second state petition became final on November 17, 2005, at the expiration of the time within which he could have filed a petition for certification with the Connecticut Superior Court seeking to appeal the decision dismissing the petition for writ of habeas corpus. The limitations period began to run again on November 18, 2005. The limitations period expired 331 days later, on October 14, 2006.

The petitioner did not file his third state habeas petition

until February 27, 2007, 434 days after the second state habeas petition became final. The petitioner filed the present petition on November 10, 2008.

The respondent argues that the petition is barred by the statute of limitations and that the limitations period should not be equitably tolled. The petitioner argues that the limitations period should be equitably tolled because he was unable to access legal documents and the law library after his arrest in October 2006. The petitioner also contends that he has raised a claim of actual innocence and this claim should equitably toll the statute of limitations.

### A. Equitable Tolling

The petitioner asserts that he was arrested on October 6, 2006 at his house in New Haven, Connecticut. On October 10, 2006, a judge in the Connecticut Superior Court arraigned the petitioner. The petitioner claims that prison officials transported him to Northern Correctional Institution ("Northern") in Somers, Connecticut, later that day. The petitioner alleges that prison officials kept him in isolation at Northern. On January 26, 2007, the petitioner began phase one of the administrative segregation program at Northern. He alleges that he was unable to file a federal habeas petition because he was held in isolation and did not have access to information regarding the statute of limitations period governing habeas petitions.

The Second Circuit rarely has found extraordinary circumstances warranting equitable tolling. The few situations in which the Second Circuit has found an extraordinary circumstance involved obstacles such as a correctional officer's intentional confiscation of a prisoner's petition shortly before the filing deadline, see Valverde, 224 F.3d at 133; an attorney's egregious failure to file a habeas petition on a prisoner's behalf despite explicit directions from his client to do so, see Baldayaque, 338 F.3d at 150; a state appellate court's failure to inform a prisoner that leave to appeal was denied, see Diaz, 515 F.3d at 154-55; and an attorney's failure to file his client's petition until one day after the limitations deadline, despite the fact that the petitioner had been persistent in maintaining contact with the attorney and had specifically instructed him not to wait until the last day to file, see Dillon v. Conway, 642 F.3d 358, 363-64 (2d Cir. 2011) (per curiam).

Ignorance of the law does not constitute an extraordinary circumstance to excuse the untimely filing of a federal habeas petition. Courts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling. See, e.g., Walker v. McLaughlin, 2008 WL 941719, at *5 (W.D.N.Y. 2008) (citing cases holding that ignorance of the law, illiteracy, lack of access to law clerks, and lack of fluency in English are not extraordinary circumstances warranting equitable

tolling); Adkins v. Warden, 585 F. Supp. 2d 286, 297 (D. Conn. 2008) (holding solitary confinement, lack of physical access to a law library, unfamiliarity with the law and legal rights and limited high school education did not constitute extraordinary circumstances sufficient to warrant tolling of limitations period).

Furthermore, the petitioner acknowledges that in March 2004, he filed a petition for writ of habeas corpus in this court challenging his September 1995 conviction. (See Pet. Writ Habeas Corpus, Doc. No. 1, App. 1 at 41-54.) The habeas petition filed in that action included a footnote informing the petitioner of the one-year statute of limitations contained in 28 U.S.C. § 2244(d). See Oliphant v. Commissioner of Correction, et al., Case No. 04cv470 (CFD) (Pet. Writ Habeas Corpus, Doc. No. 1 at 44).[1] Thus, in 2004, the petitioner was on notice of the one-year statute of limitations governing section 2254 habeas petitions. The court concludes that the petitioner's claim of a lack of knowledge of the statute of limitations period governing section 2254 petitions does not constitute an extraordinary

---

[1] The court takes judicial notice of documents filed in cases on its docket. See, e.g., Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157 (1969) (acknowledging that court "may properly take judicial notice of the record in [prior] litigation between the same parties"); Wells v. U.S., 318 U.S. 257, 260 (1943) (acknowledging that court may take judicial notice of habeas proceeding brought by same party in other federal courts); Henson v. CSC Credit Svcs., 29 F.3d 280, 284 (7th Cir. 1994) (collecting cases supporting use of public court documents in deciding a motion to dismiss).

11

circumstance warranting the tolling of the limitations period.

The petitioner's claim that his placement in solitary confinement after his transfer to Northern in October 2006 prevented him from filing a timely state or federal habeas petition does not constitute a valid basis to toll the statute of limitations. See Muller v. Grenier, 2004 WL 97687, at *2 (S.D.N.Y. Jan. 20, 2004) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."), aff'd, 19 Fed. Appx. 334 (2d Cir. 2005). In addition, the petitioner was not housed at Northern during the time period he seeks to toll. On October 10, 2006, the petitioner was incarcerated at New Haven Correctional Center. Prison officials transferred him to Garner Correctional Institution in Newtown, Connecticut on October 26, 2006. On January 26, 2007, prison officials at Garner transferred the petitioner to Northern. See id. at 2. The limitations period expired on October 14, 2006, prior to his transfer to Garner and Northern. Thus, the petitioner's transfer to Northern in January 2007 does not constitute an extraordinary circumstance warranting equitable tolling of the statute of limitations.

The petitioner fails to address the time period between November 17, 2005, when his second state habeas petition was dismissed and his arrest on October 6, 2006, which he seeks to have the court toll. The petitioner was released from prison in

August 2002, and remained out of prison until his arrest on October 6, 2006. During that time, the petitioner filed a state habeas petition, a federal habeas petition, a federal civil rights action and a complaint with the Commission on Human Rights and Opportunities. See Oliphant v. Warden, TSR-CV-03-0004288-S. (Petition filed on November 28, 2003); Oliphant v. Commissioner of Corrections, et al., Case No. 04cv470 (CFD) (Pet. Writ Habeas Corpus filed on March 19, 2004); Oliphant v. Hollembaek, et al., Case No. 04cv523 (SRU) (Civil Rights Complaint including exhibit documenting complaint submitted to CCHRO in May 2003, filed on March 30, 2004).

Furthermore, the attorney representing the petitioner in his second state habeas petition made the petitioner aware of the dismissal of that petition on November 18, 2005. Yet, the petitioner did not move to reopen the case or file an appeal of the dismissal. See Oliphant, Case No. 04cv470 (CFD) (Mem. Opp'n Mot. Stay or Dismiss, Ex. B.)

The court concludes that the petitioner did not exercise due diligence during the entire time period he seeks to have tolled. Thus, he is not entitled to equitable tolling on the basis of his arrest in October 2006 and subsequent confinement in a segregation unit within a Connecticut prison facility from January 2007 until the filing of this petition.

**B. Actual Innocence**

The petitioner also claims that newly discovered evidence

13

shows that he is actually innocent of the larceny for which he was convicted in 1995.  He argues that this newly discovered evidence should toll the statute of limitations.  The petitioner describes this newly discovered evidence as a transcript of a hearing held in January 1995 by the Meriden Department of Social Services.  The transcript is attached to the petition for writ of habeas corpus filed in this case.

There is no actual innocence exception to § 2244(d)(1) within the language of the statute itself and the United States Supreme Court has not ruled on the issue of whether a claim of actual innocence could equitably toll the one-year statute of limitations.  Furthermore, the Second Circuit has "specifically reserved the question of whether a claim of actual innocence based on newly discovered evidence constitutes an extraordinary circumstance that merits equitable tolling, ... as well as the question of whether the Constitution would require equitable tolling for actual innocence."  Doe v. Menefee, 391 F.3d 154, 160 (2d Cir. 2004).

In Menefee, the court instructed district courts faced with untimely petitions in which the petitioner asserts his actual innocence "to determine, in each case, whether the petitioner has presented a credible claim of actual innocence before ruling on the legal issues of whether such a showing provides a basis for equitable tolling and whether the petitioner must also demonstrate that he or she pursued his or her claim with

reasonable diligence." Id. at 161.  To establish a credible claim of actual innocence, a petitioner must support his claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).  Actual innocence requires a showing of "factual innocence," not just "legal innocence." Menefee, 391 F.3d at 162.

The court notes that the petitioner does not specifically raise a claim of actual innocence in his petition.  Instead, he raises his claim of newly discovered evidence of his actual innocence for the first time in opposition to the respondents' motion to dismiss.

The petitioner's purported "newly discovered evidence" is a transcript of a Hearing held on January 9, 1995 before a Fair Hearing Officer of the Department of Social Services, Office of Administrative Hearings and Appeals, regarding the petitioner's suspension from General Assistance by the City of Meriden. (See Pet. Writ Habeas Corpus, App. 1 at 56-88.)  This evidence is neither new nor demonstrative of the petitioner's actual innocence of the crime of larceny in the first degree by defrauding a public community of over $5,000.00.

The transcript reflects that the petitioner was present and participated fully in the hearing.  Thus, he cannot argue that he was unaware of the content of the hearing.  At the hearing, the

15

petitioner testified that he is legally Anthony Oliphant and received welfare benefits from the City of Hartford, but also that he had applied for and received welfare benefits from the City of Meriden under the name of Jerome Martin. In addition, testimony or evidence was offered at the petitioner's criminal trial regarding the administrative hearing held by the Department of Social Services on January 9, 1995.

The petitioner claims that he only became aware of the transcript of the hearing in the months just prior to his arrest in October 2006. In fact, documents filed by the petitioner in a previous habeas petition show that the Department of Social Services in Meriden provided the petitioner with this transcript in December of 1996. See Oliphant, Case No. 04cv470 (CFD) (Mem. Opp'n Mot. Stay or Dismiss, Ex. C.) Thus, the transcript of the January 1, 1995 Hearing cannot be considered "newly discovered" evidence for purposes of an actual-innocence tolling exception to the one-year statute of limitations (assuming that such an exception exists). Because the petitioner has not presented a "credible claim of actual innocence," equitable tolling is not warranted. Menefee, 391 F.3d at 161.

## IV. Conclusion

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is untimely, and the circumstances do not warrant equitable tolling of the statute of limitations. Accordingly, the Motion to Dismiss [**Doc. No. 31**] is **GRANTED** and the petition

16

is dismissed as time-barred.

The court concludes that jurists of reason would not find it debatable that the petitioner failed to timely file this petition. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this _21____ day of September 2011, at Bridgeport, Connecticut.

                                            /s/

                                      Warren W. Eginton
                                      Senior United States District Judge